UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATRINA CONNER,

    Plaintiff,

v.                                                    CASE NO: 8:06-cv-1291-T-23MAP

BAYFRONT HEALTH SYSTEMS, INC.,

    Defendants.
_____/

**ORDER**

Katrina Conner ("Conner") sues Bayfront Health Systems, Inc. ("Bayfront") for breach of contract and negligence (Doc. 2) arising from an employer-issued life insurance policy. Having removed this action from state court, Bayfront moves to dismiss the complaint and argues that the Employee Retirement Income Safety Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, preempts Conner's common law claims (Doc. 5). Conner opposes the motion and argues that ERISA is either inapposite or, alternatively, that ERISA has "transmogrified" the complaint into an ERISA complaint (Doc. 13).[1]

The complaint (Doc 2) seeks relief exclusively available under ERISA. See 29 U.S.C. § 1132 (a). "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined

---

[1] Because this case unquestionably (and exclusively) arises under a law of the United States pursuant to 28 U.S.C. § 1331, Conner's motion to remand (Doc. 14) and amended motion to remand (Doc. 15) are without merit and **DENIED**. See Franklin v. QHG of Gadsden, Inc., 127 F.3d 708 (11th Cir. 1997); Willet v. Blue Cross & Blue Shield, 953 F.2d 1335 (11th Cir. 1992); Kobold v. Aetna U.S. Healthcare, Inc., 258 F.Supp 2d 1317 (M.D. Fla. 2003).

with the refusal to pay benefits." Garren v. John Hancock Mut. Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). Indeed, "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state-based claims." Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431 (11th Cir.), reh'g denied, 875 F.2d 874 (11th Cir.), cert. denied, 493 U.S. 855 (1989). That the complaint includes a claim for breach of contract in no way defeats ERISA preemption. Krooth & Altman, et. al. v. North American Life Insurance Company, 134 F. Supp. 2d 96, 101-02 (D.D.C. 2001) (classifying a breach of contract claim as a federal claim preempted by ERISA).

Accordingly, Bayfront's motion to dismiss (Doc. 5) is **GRANTED**. Conner may amend the complaint to state a claim for recovery of benefits under ERISA on or before **October 2, 2006**. An amended complaint shall contain statements describing (1) the specific statutory basis for subject matter jurisdiction and venue, (2) the relevant acts of the defendants, (3) the specific provisions of ERISA the defendants allegedly violated, (4) the facts establishing the plaintiff's exhaustion of administrative remedies under ERISA, and (5) if applicable, the specific provisions of ERISA that entitle the plaintiff to attorney's fees. Failure to file an amended complaint by the deadline will result in dismissal of this case without further notice.

ORDERED in Tampa, Florida, on September 19, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE