UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATRINA CONNER,

     Plaintiff,

v.                                                            CASE NO: 8:06-cv-1291-T-23MAP

BAYFRONT HEALTH SYSTEMS, INC., et al.,

     Defendants.
_____/

## **ORDER**

Katrina Conner ("Conner") sues (Doc. 19) Bayfront Health Systems, Inc.

("Bayfront") and Hartford Life and Accident Insurance Company ("Hartford") for

equitable relief pursuant to the Employee Retirement Income Safety Act ("ERISA"), 29

U.S.C. § 1001, et seq.  Conner's suit arises from Hartford's denial of supplemental life

insurance benefits under a group life insurance policy issued by Hartford and

administered by Bayfront.  Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure,

Hartford moves to dismiss the amended complaint for failure to state a claim (Doc. 30).

Conner opposes the motion (Doc. 33).

### BACKGROUND

In 2000, Conner began her employment with Bayfront, which participates in an

ERISA benefit plan funded by a group life insurance policy ("the Policy") issued by

Hartford.  The Policy designates Bayfront as the "Plan Administrator" and informs

participants, "If you have any questions about your plan, you should contact the plan

administrator" (Doc. 19-2 at 40).  The Policy expressly requires "Evidence of Good

Health" as a condition precedent to supplemental coverage:

> **What is Evidence of Good Health**
> Evidence of Good Health is information about a person's health
> from which We can determine if coverage or increases in
> coverage will be effective.  Information may include questionaires,
> physical exams, or written documentation as required by Us.
>
> **When will Evidence of Good Health be required?**
> Evidence of Good Health is required if:
> 1.  You enroll for coverage for Yourself or Your Dependent
> Spouse more than 31 days after the date You are first eligible to
> do so;
>
> 2.  You elect no Supplemental coverage for yourself or Your
> Dependent Spouse when eligible to do so and later opt for
> coverage.
>
> If Evidence of Good Health is not approved in the situation(s)
> described above, no coverage, including the Guaranteed Issue
> Amount, will become effective.  Evidence of Good Health must be
> provided at Your own expense.

     In November, 2002, Conner attempted to enroll her husband, Rachid Sabri

("Sabri"), in supplemental dependent life coverage under the Policy and listed herself as

the primary beneficiary of the $25,000 life insurance benefit.  According to the amended

complaint, neither Bayfront nor Hartford ever advised Conner that "Evidence of Good

Health was required to be submitted for Mr. Sabri to become an enrolled participant in

the SDL insurance plan and for coverage to take effect" (Doc. 19 at 4).  Conner

completed and timely returned the appropriate enrollment forms to Bayfront, which

confirmed her election of spousal coverage and began deducting premiums from her

paychecks.  Conner failed to submit evidence of Sabri's good health.  Upon Sabri's

death in January, 2003, Conner submitted a claim to Hartford for the $25,000 life

insurance benefit.  Hartford denied coverage under the Policy on the basis that Sabri failed to submit "Evidence of Good Health" as required under the policy.  Following Conner's administrative appeal, Hartford issued a final determination denying the benefit to Conner.

ANALYSIS

In evaluating the sufficiency of a complaint, a court "must accept the well-pleaded facts as true and resolve them in the light most favorable to the plaintiff."  Beck v. Deloitte & Touche 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v. Hospital Corp. of America, 795 F.2d 948 (11th Cir. 1986)).  Mere conclusory allegations, however, provide no support for the sufficiency of a complaint.  South Fla. Water Mgmt. Dist. v. Montavalo, 84 F.3d 402, 409 n.10 (11th Cir. 1996).  Despite the low threshold for a complaint to survive a motion to dismiss, a court may dismiss a complaint if, on the basis of a dispositive issue of law, no construction of the pleaded facts supports the cause of action.  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, a court may also consider (without converting the motion into one for summary judgment) any document attached to the complaint if the document is central to the plaintiff's claim and undisputed.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  In this context, "undisputed" means that the authenticity of the document is not questioned.  Day, v. Taylor, 400 F.3d at 1276.  No party challenges the authenticity of

the applicable group life insurance policy attached as "Exhibit A" to the amended

complaint (Doc. 19-2).

Count One of the amended complaint seeks equitable relief under ERISA's

"catch-all" provision, 29 U.S.C. § 1132(a)(3), which authorizes a claim for equitable

relief under certain circumstances.  Specifically, Conner seeks an order directing

Hartford to (1) consider "evidence of insurability forms" and other information that

"typically would have been required" for Sabri's enrollment, (2) determine whether Sabri

was insurable and whether Bayfront's alleged failure to furnish Conner with the

appropriate forms prejudiced Hartford, and (3) reconsider Conner's claim for the

dependant life benefit.  Alternatively, Conner seeks a judgment "reforming the life

insurance policy" and awarding her the life insurance benefit.

Moving to dismiss Count One, Hartford argues that "[b]ecause an unambiguous

condition precedent to coverage under the Policy was undisputedly unmet," permitting

Conner to proceed with this count is inconsistent with ERISA, which "mandates the

enforcement of the unambiguous terms of plan documents" (Doc. 30 at 7).  Hartford

cites pertinent authorities to support of a grant of summary judgment for the insurer on

similar facts, but presents no authority to support, at the pleading stage, dismissal of

Count One for failure to state a cognizable claim.  Accepting the allegations in the

amended complaint as true, the merits of Conner's claims in Count One are not

appropriately addressed (without the benefit of discovery) by a motion to dismiss.

Accordingly, the defendants' motion to dismiss Count One of the amended complaint is

**DENIED**.

Count Two of the amended complaint demands an accounting of all premiums that Hartford allegedly received from Bayfront on behalf of Conner for Sabri's coverage. Hartford's motion fails to identify any legal deficiency in Count Two of the complaint and presents no pertinent authority in support of dismissal. Accordingly, Hartford's motion to dismiss Count Two is without merit and is **DENIED**.

Count Three of the amended complaint (which count is aimed only at Hartford) claims that, because Hartford allegedly retained premiums received from Bayfront on behalf of Conner for Sabri's coverage, Hartford is "equitably estopped" from denying Conner's claim for benefits. However, a claim of equitable estoppel under ERISA is "only available when (1) the provisions of the plan at issue are ambiguous and (2) representations are made which constitute an oral interpretation of the ambiguity." Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1090 (11th Cir. 1999); Kane v. Aetna Life Ins., 893 F.2d 1283, 1285-86 (11th Cir. 1990), cert. denied, 498 U.S. 890 (1990). Conner altogether fails to allege the ambiguity of any provision of the Policy. "Estoppel is not available" if "the written plan is unambiguous." Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1347 (11th Cir. 1994). Likewise, nothing in the amended complaint (Doc. 19) suggests that Conner failed to provide "Evidence of Good Health" in reliance on any oral interpretation by Hartford of the Policy.

Absent both an ambiguous provision and an oral representation interpreting that ambiguous provision, Conner may not assert a claim for equitable estoppel under ERISA. See Alday v. Container Corp. of America, 906 F.2d 660, 666 (11th Cir. 1990).

Accordingly, Hartford's motion is **GRANTED** as to Count Three of the amended

complaint (Doc. 19), and Count Three is **DISMISSED**.

C<span style="font-variant:small-caps">ONCLUSION</span>

In conclusion, Hartford's motion to dismiss (Doc. 30) is **GRANTED IN PART AND**

**DENIED IN PART**.  Count Three of the amended complaint is **DISMISSED**.  On or

before **February 7, 2007**, Conner may file an amended complaint consistent with this

order.

ORDERED in Tampa, Florida, on January 22, 2007.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**